AWERKAMP & BONILLA, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Don Awerkamp (SBN 007572)
da@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Guido and Dennis Rankin,<br><br>Plaintiffs,<br>vs.<br>Mount Lemmon Fire District,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

For their complaint, Plaintiffs, John Guido and Dennis Rankin, allege as follows:

**<u>NATURE OF THE CASE</u>**

1.      In this action, Plaintiffs seek damages arising from being terminated from their employment on the basis of their ages in violation of the Federal Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq*.

**<u>JURISDICTION AND VENUE</u>**

2.      This Court has original Federal question subject matter jurisdiction pursuant to 29 U.S.C. § 626.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in Pima County, Arizona.

4.      Plaintiffs, John Guido and Dennis Rankin, each filed a timely Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of their respective ages.

5.      On October 5, 2012, the EEOC issued separate Determinations that there is reasonable cause to believe that Defendant, Mount Lemmon Fire District ("MLFD"), violated the Age Discrimination in Employment Act of 1967 (the "ADEA") when it discharged Mr. Guido and Mr. Rankin due to their respective ages.

6.      On January 30, 2013, the EEOC issued separate Notices of Right to Sue within ninety (90) days of receipt to Mr. Guido and Mr. Rankin.

**PARTIES**

7.      Plaintiff John Guido is, and at all relevant times has been, a resident of the State of Arizona.

8.      Plaintiff Dennis Rankin is, and at all relevant times has been, a resident of the State of Arizona.

9.      Defendant MLFD, employed Mr. Guido and Mr. Rankin in Pima County, Arizona.

**STATEMENT OF FACTS**

10.      On or about January of 2000, MLFD hired Mr. Guido as a Reserve Firefighter/EMT.

11.      In March of 2003, Mr. Guido attended the Wildland Fire Academy in Prescott, and became one of two Wildland Engine Bosses.

12.      Mr. Guido attended paramedic school from September 2003 to June 2004 and upon completing that education, became one of only two paramedics at the MLFD.

13.      In the fall of 2005, Mr. Guido was promoted to the rank of Captain and was placed in charge of the weekend shift.

14.     Mr. Guido holds Associates Degrees in Fire Science and Emergency Medical Technology, worked as a firefighter in the military, was the only person in MLFD qualified and nationally certified in reviewing building plans, and holds the qualifications of Fire Inspector and Senior Fire Inspector.

15.     Mr. Guido's last performance evaluation was in February of 2006 and he was rated as excellent in ten areas and above average in the thirteen others.  Mr. Guido never had any negative feedback regarding his work.

16.     In November of 2000, MLFD hired Mr. Rankin as a Reserve Firefighter/EMT.  Mr. Rankin has been an EMT since 1972.

17.     Mr. Rankin graduated from Pima Community College Public Safety Academy with a certificate from the Arizona State Fire Marshall.

18.     Mr. Rankin has worked in Public Safety since 1973, including working as an arson investigator, working on the Pima County Hazardous Materials Team, working as a firefighter with Rural Metro Fire Department and South Tucson Fire Department, and working on an Ambulance with Rural Metro/Southwest.

19.     In May of 2002, Mr. Rankin was assigned to liaison with other agencies at the Emergency Operations Center at the Pima County Sheriff Rincon Substation and was the public relations person for MLFD.

20.     In January of 2005, Mr. Ranking became Acting Captain and was placed in charge of C-shift.

21.     In the fall of 2005, Mr. Rankin was promoted to the rank of Captain.

22.     Mr. Rankin's performance evaluations were always "meets or exceeds standards" in all categories.  Mr. Rankin has never had any negative feedback regarding his work.

23.     On March 26, 2009, Fire Chief Dean Barnella released a memorandum about Budget Reduction which stated that paramedics would have priority to be retained in the event of personnel reductions.

24.     On March 27, 2009, Chief Barnella told a co-worker of Mr. Guido and Mr. Rankin that this co-worker was being selected for layoff because of his DUI conviction and inability to drive response vehicles.

25.     On June 15, 2009, Mr. Guido and Mr. Rankin were told that they were being laid off.

26.     At the time of their layoff, Mr. Guido was forty-five years old and Mr. Rankin was fifty years old.

27.     At the time Mr. Guido and Mr. Rankin were laid off, Fire Chief Barnella was in his 30's.

28.     At the time of their layoff, Mr. Guido and Mr. Rankin were the two oldest full-time employees in MLFD.

29.     At the time of their layoff, Mr. Guido and Mr. Rankin were two of the three Captains in MLFD, and the other Captain, Joe Gunia, was 33 years of age and was not a paramedic.

30.     Two firefighters, who were approximately 30 years of age and who were not paramedics, were promoted to Acting Captain positions after Mr. Guido and Mr. Rankin were laid off.

31.     As of July 28, 2009, other than Mr. Cuestas, Mr. Guido and Mr. Rankin, no other MLFD firefighters had been laid off.

## CAUSE OF ACTION

32.     Mr. Guido and Mr. Harris each have a cause of action under 29 U.S.C. § 621 *et seq.*

33.     MLFD discriminated against Mr. Guido and Mr. Rankin because of their age in violation of the ADEA.

34.     The stated reasons for MLFD's conduct are not the true reasons, but instead, were a pretext to hide MLFD's discriminatory conduct.

35.     MLFD's actions were deliberate, willful and in reckless disregard for Mr. Guido's and Mr. Rankin's rights.

36.     As a direct result of the conduct of MLFD, Mr. Guido and Mr. Rankin have suffered, and will continue to suffer, lost income and diminished earning capacity.

## REQUEST FOR JURY

37.     Plaintiffs request a trial by jury to the fullest extent permitted by law.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs John Guido and Dennis Rankin, each request judgment in their favor against Defendant, Mount Lemmon Fire District, awarding each of them the following:

a.  Compensatory damages for lost income and diminished earning capacity;

b.  Liquidated damages;

c.  Attorneys' fees and costs incurred in this lawsuit; and

d.  Any other equitable relief this Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 1st day of April, 2013.

AWERKAMP & BONILLA, PLC


By /s/ Don Awerkamp
Don Awerkamp
Shannon Giles

*Attorneys for Plaintiffs*