**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Guido, et al.,<br>Plaintiffs,<br>v.<br>Mount Lemmon Fire District,<br>Defendant. | No. CV-13-00216-TUC-JAS<br>**ORDER** |

Pending before the Court are several motions in limine filed by Plaintiffs and Defendant; the motions are addressed below.[1]

## BACKGROUND

Plaintiffs John Guido and Dennis Rankin began working for Defendant Mount Lemmon Fire District ("Fire District")[2] in 2000. The position each held was Firefighter EMT. In 2005, both Guido and Rankin were promoted to the rank of Fire Captain. On June 15, 2009, Guido and Rankin were laid off; Rankin was 54 years old and Guido was 46 years old when they were laid off. The person who terminated them, Fire Chief Barnella, was in his thirties at the time of these terminations. At the time of the lay offs, Guido and Rankin were the oldest full-time employees of the Fire District.

On July 28, 2009, Guido and Rankin each filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission alleging that Defendant discriminated against them on the basis of age. Thereafter, Plaintiffs filed a Complaint in this case alleging that they were terminated in violation of the Age Discrimination in Employment Act ("ADEA") which prohibits discrimination against employees 40 and older on the basis

[1] Because the briefing is adequate and oral argument will not help in resolving this matter, oral argument is denied. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200-1201 (9th Cir. 1999).

[2] All references to Fire Chief, Fire Captain, Firefighter EMT and firefighter refer to employees of Defendant Mount Lemmon Fire District.

of their age.[3] *See* 29 U.S.C. § 631(a).[4]

**ADMISSIBILITY STANDARDS**

As pertinent to the motions in limine, Fed. R. Evid. 402 provides: "Relevant evidence is admissible unless any of the following provides otherwise: • the United States Constitution; • a federal statute; • these rules; or • other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 401 defines relevant evidence as follows: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 403 provides that: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As to experts, Fed. R. Evid. 702 states that "[a]witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."

---

[3] Plaintiffs have asserted one cause of action for age discrimination in violation of the ADEA. *See* Doc. 1 (Complaint at p. 4-5).

[4] Generally, Plaintiffs argue that: they were very experienced and qualified, received positive performance evaluations, were over 40 when they were laid off and were the oldest full-time employees at the time, they were replaced by substantially younger and less qualified individuals, and Defendant's reasons for their layoffs are pretext. In contrast, Defendant generally argues: that it had been facing a budget crisis for several years, it was forced to lay off employees due to lack of funding, that Plaintiffs were eventually laid off as they were asked (like all other firefighters) to help increase funding by participating in wild land fire assignments which brought in extra money for Defendant (but Plaintiffs failed to participate in such assignments unlike other firefighters who did participate to bring in extra funding), there is otherwise no evidence of age discrimination as Defendant hired Rankin when he was 46 years old, promoted Guido and Rankin to Captains in 2005 (when Guido was 42 years old and Rankin was 50 years old), and they were laid off only four years after they had been promoted, and the same person that hired and promoted them also laid them off.

**DISCUSSION: MOTIONS IN LIMINE**

**Doc. 113: Mary Jo O'Neill's Testimony**

Defendant's motion in limine to preclude Mary Jo O'Neill from testifying as a fact and expert witness is unopposed by Plaintiffs (*see* Doc. 128); this unopposed motion **(Doc. 113) is granted**.

**Doc. 114: Charges of Discrimination, EEOC's Investigation/Findings**

Defendant seeks to preclude Plaintiff from presenting any evidence regarding their Charges of Discrimination submitted to the EEOC, the EEOC's investigation into their Charges, the EEOC's determination letters regarding its investigation, and its Notice of Right to Sue letters as it argues that the evidence is irrelevant and any probative value is substantially outweighed by the dangers of unfair prejudice and confusion. Defendant argues that such evidence is irrelevant inasmuch as the EEOC process used different standards, it was not a true confrontational process with witnesses subject to cross-examination under oath, and the jury would give undue weight to the EEOC's determinations.

As a threshold matter, Plaintiff does not intend to use at trial, and does not oppose preclusion of: the EEOC's 1/29/13 letters to Plaintiff and the EEOC's right to sue letters. As such, these letters are precluded at trial.

However, Plaintiffs argue that Ninth Circuit case law reflects that the other EEOC evidence at issue is relevant, the relevance outweighs Rule 403 considerations, and it could be error to preclude such evidence. *See Plummer v. Western Intern. Hotels Co., Inc.*, 656 F.2d 502, 504-505 (9th Cir. 1981) ( "[I]t is reversible error for a trial court to strike an EEOC determination from a Title VII complaint . . . [T]he Commission's Determination of Probable Cause was admissible evidence in a trial de novo on [plaintiff's] claim . . . [W]hile prior administrative determinations are not binding, they are admissible evidence . . . An EEOC determination, prepared by professional investigators on behalf of an impartial agency, has been held to be a highly probative evaluation of an individual's discrimination complaint."). While the Court has the discretion to preclude the EEOC evidence at issue

based on Rule 403 considerations,[5] the Court finds that its relevance outweighs Rule 403 concerns; the Court can give limiting instructions at trial reflecting that such evidence does not need to be given greater weight than other evidence at trial, and that the the jury (not the EEOC) is the sole judge of whether there was a violation of the ADEA in this case. Defendant's motion (Doc. 114) is denied.

**<u>Doc. 116: Dean Barnella and/or DeAnna Barnella</u>**

Plaintiffs seeks to exclude the testimony of Dean Barnella and/or DeAnna Barnella primarily because Defendant failed to disclose their addresses in 2013 in violation of Rule 26(a)(1)(A)(i). In the 2013 disclosure, Defendant disclosed the Barnellas, what relevant information they possessed in the case, phone numbers where they could be reached, and stated that it did not know their current addresses; Rule 26 requires disclosure of addresses "if known." Defendant further confirmed in a 2014 disclosure that they may be called as trial witnesses. Plaintiff was aware of their relevant testimony, could have chosen to depose these witnesses, but chose not to. In addition, Defendant agreed to the belated deposition of Dean Barnella, and no trial date has been set by the Court. In light of the foregoing, Plaintiff's motion (Doc. 116) is denied.

**<u>Doc. 117: New Position Offered to Plaintiff John Guido</u>**

After Guido was laid off from his Fire Captain position in May of 2009, Defendant offered him an open position (of firefighter/paramedic) in April of 2010. Plaintiff argues that evidence of being offered this position should be excluded as it is irrelevant and could cause undue confusion and prejudice under Rule 403 as Plaintiff was not required to accept a lower position/demotion (i.e., firefighter/paramedic, instead of Fire Captain) to mitigate his damages. *See NLRB v. Kolpin Bros. Co.*, 379 F.2d 488, 491 (7th Cir. 1967); *Ford Motor Company v. Equal Employment Opportunity Commission*, 458 U.S. 219, 231-232, (1982).

Defendant does not dispute that Plaintiff was not obligated to accept the position in question to mitigate damages. Rather, Defendant argues that the evidence is highly

---

[5] *See Gilcrest v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986).

relevant, and such relevance outweighs any Rule 403 issues, because Defendant is only offering this evidence to support its defenses regarding its intent to rehire Guido once the budget crisis (of 2009) stabilized (in 2010), and it shows that Guido's age was not the motivating factor for Defendant's layoff of Guido. Defendant argues that this evidence helps paint the complete picture of Defendant's position in this case as: Defendant was forced to lay off employees due to its budget crisis, Defendant intended for Guido's layoff to be temporary, and Defendant fulfilled that intent when it offered Guido the first and only available position when the budget stabilized (i.e., the firefighter/paramedic position). The Court finds this evidence to be highly relevant to the Defendant's defenses at trial, and such relevance outweighs any Rule 403 concerns.[6] Plaintiff's motion **(Doc. 117) is denied**.

**<u>Doc. 118: Plaintiff Dennis Rankin's Unemployment Insurance</u>**

Plaintiffs seek to preclude Defendant from introducing any evidence regarding Rankin's unemployment insurance. Plaintiffs argue that such evidence should be precluded as the Ninth Circuit has held that damages in employment discrimination cases shall not be offset by unemployment compensation benefits, and that it should be precluded under Rule 403 as it will lead to jury confusion about reducing damages to account for unemployment benefits. *See Kauffman v. Sidereal Corp.*, 695 F.2d 343, 347 (9th Cir. 1982) ("[We] hold that unemployment benefits received by a successful plaintiff in an employment discrimination action are not offsets against a backpay award.").

*Kaufman*, however, does not apply to the circumstances of this case as the only evidence at issue are two notices; one notice (dated 6/19/09) reflects that Rankin filed an application for unemployment insurance, and the other notice (dated 7/9/09) reflects that Rankin discontinued his application before any unemployment insurance benefits were due. The evidence at issue reflects that Rankin did not receive unemployment benefits. Defendant only seeks to introduce these notices to show that Rankin applied for, but did not continue his application to receive unemployment benefits. Given the length of time it took Rankin to find new employment, Defendant argues that this evidence is relevant to

[6] The Court notes that it can give the jury a limiting instruction reflecting that Plaintiff was not required to accept a lower position/demotion to mitigate his damages.

the contested issue of whether Rankin took reasonable steps to mitigate his damages. As *Kauffman* is inapplicable, the Court determines backpay (not the jury)[7], and the Court can give limiting instructions to avoid any confusion to the jury, the Court finds that Rule 403 does not bar the evidence at bar. Plaintiff's motion **(Doc. 118) is denied <u>without prejudice</u>**.[8]

## <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that the parties' motions in limine (Docs. 113, 114, 116, 117, 118) are granted or denied as discussed in the text of this Order.

The parties' proposed joint pretrial order estimates that the trial will last 6 to 8 days. The Court has reviewed its calendar and is available to preside over this trial beginning on either April 14, 21, or 28 of 2020. The parties shall consult with each other, and their witnesses, to see if any of these dates are mutually agreeable. If these dates do not work, the parties shall propose three more dates (subsequent to the dates listed by the Court) that are mutually agreeable to the parties. By no later than **12/18/19** the parties shall file a notice indicating which of these dates works for them, or proposing three mutually agreeable additional dates (subsequent to the dates listed by the Court) for trial. After the Court has received the parties' notice, the Court will issue an Order setting the trial date, the date for the pretrial conference (which is typically the week before the trial), and deadlines for jury instructions and related trial issues.

Dated this 11th day of December, 2019.

Honorable James A. Soto
United States District Judge

---

[7] *See Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005); *Naton v. Bank of California*, 649 F.2d 691, 700 (9th Cir. 1981).

[8] This motion is denied without prejudice as having a fuller factual picture in the context of trial may make a difference as to this issue; the parties have leave to raise this issue as it arises in the midst of trial.